[S. F. No. 4434.   Department One.—April 10, 1906.]

In the Matter of the Estate of EMILIE ALEXANDER, Deceased.

WILL—BEQUEST TO DAUGHTER IF UNMARRIED—CONDITION—FEE.—A provision in a will leaving the entire estate of the testatrix to a daughter who was unmarried at the date of its execution, "if she remains unmarried," and "should she marry . . . my other children shall divide it among themselves," vests an absolute fee in the

daughter on condition that she is unmarried at the time of the death of the testatrix, which would not be divested by her subsequent marriage.

ID.—CONDITION SUBSEQUENT—RESTRAINT OF MARRIAGE.—If it were the intent of the testatrix, from such language, to constitute a condition subsequent, terminating the daughter's estate in fee and vesting it in others on her marriage at any time, the condition would be void as in restraint of marriage.

ID.—REAL AND PERSONAL ESTATE.—Any distinction that may have existed at common law between conditions imposing restraints upon marriage, as applied to real and to personal estate, has been abolished in this state by section 710 of the Civil Code.

APPEAL from an order of the Superior Court of Alameda County distributing the estate of a deceased person.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Frederick E. Whitney, for Appellants.

E. M. Rosenthal, for Respondent.

SLOSS, J.—Appeal from decree of final distribution. Emilie Alexander died on June 5, 1904, leaving a will which was admitted to probate in the superior court of Alameda County on July 7, 1904.  The testatrix was a widow, and was survived by three sons, George, Henry, and Caesar Alexander, and two daughters, Mrs. Ray Rosenthal and Gussie Alexander, all over the age of twenty-one years.  The estate having been duly administered, distribution was prayed for, and, after proper proceedings for that purpose, a decree was made, distributing the entire estate to Gussie Alexander, one of the daughters, absolutely.  From this decree the other children of the testatrix appeal.

The controversy hinges on the construction of the decedent's will, which was holographic and written in the German language.  A translation reads as follows:—

"OAKLAND, the 28th March, 1903.

"This is my last wish while I still have good health and full understanding, that if Gussie Alexander remains unmarried, that all I have as well as real estate belongs to her,

should she marry, then the house belongs to her for which she has the contract that she bought it, hers. The rest my other children shall divide among themselves; Henry Alexander, George Alexander, Caesar Alexander, and Ray Rosenthal. This is my last wish.

(Signed)                    "MRS. EMILIE ALEXANDER.

"The testament which Mr. Rosenthal has can be torn up, it is against my wish."

The phrase "the house belongs to her for which she has the contract that she bought it, hers," refers to a dwelling-house which had been conveyed by the testatrix to Gussie prior to the making of the will, and this property formed no portion of the estate. At the date of the will Gussie Alexander was the only unmarried daughter of the testatrix, and she never has married. The sons were all engaged in business.

From these facts we must determine what interest or estate is given to Gussie Alexander under the will, and what to the other children of the testatrix. The essential words of the will are, "if Gussie Alexander remains unmarried, that all that I have . . . belongs to her, should she marry . . . my other children shall divide [it] among themselves."

The contention of the appellants is that these words give to Gussie an estate limited in its creation to the period during which she may remain unmarried, with a remainder over to the other children, to take effect on her death, or, if she should marry, on her marriage. The respondent, on the other hand, claims that the gift to Gussie is a fee, which is to vest on condition that she is unmarried, and that the period at which the contingency of marriage or non-marriage is to be determined is the death of the testatrix. We see nothing in the language of the will to indicate that, in any view, Gussie is given a life estate. There are no words in the instrument referring to her life or death. The only event affecting her title, whether by way of condition precedent or subsequent, or of limitation, is her marriage. She takes, therefore, either an estate limited in duration to the period during which she remains unmarried, or a fee, conditional upon her being unmarried at some time. (Whether such fee, once vested,

is to be cut off by a subsequent marriage, is considered in another part of this opinion.)

A devise or bequest for the time during which the grantee remains unmarried, is a not unusual form of gift. In such case the vesting of the estate does not depend on a condition precedent, nor is it divested by a condition subsequent. The provision regarding marriage is a limitation, not a condition. (2 Woerner on American Law of Administration, 2d ed., 962.) On marriage, the estate ceases by the expiration of the term for which, at the outset, it was created. But the words of this will are not the words ordinarily used for the creation of such limited estate. This is not a gift to Gussie "while she remains unmarried," or "so long as she remains unmarried," or "until she marries." On the contrary, the estate is given to her "*if* she remains unmarried." The word "if," in legal as in ordinary phraseology, imports a condition, and there is no reason to give it another construction here. This, then, is a gift to Gussie on condition that she remains unmarried. Unmarried when? Certainly the gift cannot be on condition that she remains unmarried at all times, since in that view, she could never take anything as long as she lived. If she married, the condition would be broken; if not, it would not have been fully complied with. The only reasonable construction to give these words is to hold that they refer to the state of affairs that may exist at the death of the testatrix. And this accords with the general intent of the testatrix, deducible from the whole will, and the circumstances under which it was executed. Her sons were, by reason of their occupations, self-supporting, and the one daughter, being married, was provided for. Obviously the testatrix wished upon her death to make special provision for her other daughter, if that daughter should be left without the protection of a husband.

The words "if she remains unmarried" may be construed to refer to the date of the testatrix's death without violating any settled rules of construction. While with reference to its effect a will speaks from the death of the testatrix, it will, where the testator speaks of a condition of things as actually existing, be held as referring to the date of the will. (2 Woerner on American Law of Administration, 2d ed., 887, 888; 1 Redfield on Wills, 4th ed., 880.) This will, by necessary implica-

tion, speaks of Gussie as an unmarried woman. Such reference to her is to be taken as speaking of her condition at the date of the execution of the will. And the condition of her *remaining* unmarried is given full operation by referring the time of its performance to the death of the testatrix. There are many cases of similar construction. A devise to A, with a limitation over in case of his death, vests an absolute estate in A, unless he dies during the testator's lifetime. (*Wills* v. *Wills*, 85 Ky. 486, [3 S. W. 90]; *Herbert* v. *Executor of Tuthill*, 1 N. J. Ch. 141; *Jones* v. *Webb*, 5 Del. Ch. 132; *Biddle's Estate*, 28 Pa. St. 59; *Phelps* v. *Phelps*, 55 Conn. 359, [11 Atl. 596]; *Wright* v. *Charley*, 129 Ind. 257, [28 N. E. 706]; *Kohtz* v. *Eldred*, 208 Ill. 60, [69 N. E. 900]; 2 Jarman on Wills, 6th ed., 661.) Similarly, a gift to various persons "or the survivors of them" refers to those surviving at the death of the testator. (2 Jarman on Wills, 6th ed., 661; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Matter of Mahan*, 98 N. Y. 372.) The Civil Code of this state provides (sec. 1336) that "Words in a will referring to death or survivorship, simply, relate to the time of the testator's death, unless possession is actually postponed, when they must be referred to the time of possession." But the above authorities, as well as many more that might be cited, show that the same rule exists universally, irrespective of any statute.

A case very similar to the one at bar was *Denfield, Petitioner*, 156 Mass. 265, [30 N. E. 1018]. There the will, after devising certain property to the testator's daughter, went on to say: "The above provision for my daughter is made on condition she remain single." The court said that the condition "seems to be satisfied by holding that it is to continue until the time comes for distribution of the residue. It means on condition she remain single at that time. Otherwise it could never be determined in her lifetime whether she was to take the gift absolutely or not." In principle, the case seems directly in point, notwithstanding the fact that there were special circumstances (not existing here), which led the court to hold that the time when the condition was to be fulfilled was the date of distribution, rather than the death of the testator.

If Gussie takes by reason of her having remained unmarried until the death of her mother, it is unnecessary to consider

at length the effect of the gift to the other children, if she should marry. For the same reasons governing the construction of the gift to her, it may well be argued that the event of her marriage, which is to vest the estate in her brothers and sister, must occur before the death of the testatrix. But if it be said that the intent was that this language should constitute a condition subsequent, terminating her estate in fee, and vesting it in others on her marriage at any time, the condition would be void as in restraint of marriage. Any distinction that may have existed at common law between such conditions as applied to real and to personal estate (30 Am. & Eng. Ency. of Law, 2d ed., 802) has been abolished in this state by section 710 of the Civil Code, under which conditions imposing restraint upon marriage (with two exceptions not here involved) are void.

Under any view, the distribution to the respondent was proper.

The decree is affirmed.

Angellotti, J., and Shaw, J., concurred.