[L. A. No. 2958. Department One.—November 9, 1911.]

## In the Matter of the Estate of FRANK A. FITZGERALD, Deceased.

WILL—RESTRAINT ON MARRIAGE—LIFE ESTATE TO WIDOW—VALID LIMI-
TATION OF ESTATE—ABSENCE OF CONDITION IN RESTRAINT OF MAR-
RIAGE.—A testator, by one paragraph of his will, gave the entire
use of his residuary estate to his wife for the term of her natural
life, "except as hereinafter qualified," with remainder upon her death
to his son. The following paragraph provided that in the event his
wife should marry again the provisions made in the preceding
paragraph should immediately cease and terminate, and his estate
should be divided, one third thereof to his wife and two thirds to
his son absolutely and in fee simple. The next paragraph provided
that in the event the son should die before the testator without
issue the entire estate should go to the wife absolutely and without
condition. *Held*, that the provisions of the will, construed together,
did not manifest any intent upon the part of the testator to restrain
or discourage marriage by his widow, but simply postponed any
division of the residue between her and his son while she remained
unmarried, and gave her during such time the sole use thereof, and
that there was nothing in the language of the will creating any
prohibited *condition* imposing a restraint upon marriage.

ID.—PETITION FOR FINAL DISTRIBUTION—PROPER CONSTRUCTION OF WILL
ARISES ON—BINDING EFFECT OF DECISION.—The question whether
such will imposed a valid limitation on the life estate granted to
the widow, or created a prohibited condition subsequent imposing a
restraint on marriage, was necessarily presented for decision on the
petition for final distribution, and the decision reached thereon
would be conclusive as to the respective rights of the devisees and
legatees.

APPEAL from a decree of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Thomas C. Ridgway, for Appellant.

Charles S. Burnell, for Respondent.

Haas, Garrett & Dunnigan, for Administrator with will annexed.

ANGELLOTTI, J.—This is an appeal from a decree of final distribution.

The deceased died testate, leaving him surviving his wife, Lillian A. Fitzgerald, and a son, Edward B. Fitzgerald, and leaving an estate consisting of real and personal property, valued at about thirteen thousand dollars. His will, after providing for the payment of debts, expenses of last sickness, and burial, and costs of administration, and the payment of a legacy of five hundred dollars to his son, Edward B., provided as follows:—

"3rd. To my wife, Lillian A. Fitzgerald, I give, devise and bequeath the entire use of the rest, residue and remainder of my estate, real and personal and wheresoever situated, for the term of her natural life, except as hereinafter qualified, and upon her death the remainder of my estate shall go to and vest absolutely in my son, Edward B. Fitzgerald.

"4. In the event, however, that my said wife shall marry again, then I will and direct that the provisions made in paragraph three, shall immediately cease and terminate, and my estate be divided as follows; to my wife, one third and to my son two thirds thereof absolutely and in fee simple, and in such case, the five-hundred dollar legacy to my son named in paragraph two shall be estimated as a part of my estate in making said division, and if previously paid shall be deducted from the share to be received by him.

"5th. In the event that my said son shall die before me leaving no issue, I give, devise and bequeath to my wife, Lillian A. Fitzgerald, all my estate, real and personal and wheresoever situated, absolutely and without condition after the provisions of paragraph one have been met and satisfied. However, should my wife come into possession of my entire estate as herein provided, and not marry again, or having married

again have no issue, it is my desire and request that she will dispose of what may remain of my estate at her death in favor of my brother James E. Fitzgerald or his children, but this request shall in no way limit or affect her rights or power of absolute disposition of said estate."

By the will the wife was appointed executrix without bonds.

The will having been admitted to probate, the administration of the estate was proceeded with to the settlement of the final account and distribution of the residue of the estate, valued at something over twelve thousand dollars, all charges of administration, debts, and the legacy to the son, having been paid. The contest on distribution was between the widow, who has not married again, and the son, the widow claiming that the fourth provision of the will is void as being a prohibited condition in restraint of marriage, and that she was entitled to have distributed to her the whole residue of the estate for the term of her natural life, with the remainder over on her death to the son. The lower court adopted this view, and distributed the residue of the estate accordingly, viz., "to said Lillian A. Fitzgerald for the term of her natural life, she to have the entire use thereof during said term with the remainder on her death to Edward B. Fitzgerald."

This is an appeal by said Edward B. Fitzgerald from such decree.

In this state, the rule in regard to conditions imposing restraints upon marriage is to be found in our Civil Code, section 710 thereof, providing as follows: "Conditions imposing restraints upon marriage, except upon the marriage of a minor, are void; but this does not affect limitations where the intent was not to forbid marriage, but only to give the use until marriage." The main contention of appellant is that, in the case at bar, taking all of the provisions of the will together, there was no intent to forbid marriage, but simply an intent to give the use of all of the property until marriage, and that the provisions of the will should be construed as giving merely the use of all the property until marriage, and not an estate upon condition subsequent.

Learned counsel for the widow admits that all the authorities compel the conclusion that a gift to a wife "during such time as she shall remain my widow," or "until her second marriage," without other words indicating a life estate, would be

a valid disposition both under the common law and under section 710 of the Civil Code, and that the estate thus given would terminate *ipso facto* upon the remarriage of the wife. · It is admitted that in such a case there would be no taking of a larger estate determinable upon condition subsequent, but simply a valid limitation. But it is urged that the will is so written that a life estate in the residue was first given, and that it was then sought to make this life estate subject to a condition subsequent working a divestiture in the event of remarriage.

Taking all of the provisions of the will together, the general intention of the testator is very clear. There is not the slightest indication that there was any design on his part to deter his wife from contracting another marriage, or that he had any objection whatever to her so doing. All of the provisions are consistent only with the idea that he felt it was fair and necessary that she should have the use of *all* the residue of his estate for her support and maintenance so long as she remained his widow, but that if she married again, thus presumably obtaining other means of support, the son ought properly to receive his fair share of the property at once, and the residue should be at once divided between the wife and the son in such proportions as seemed equitable. If she never contracted another marriage, the use of all the residue would be necessary to her during the term of her natural life, and the only thing he could fairly do for the son was to give him the remainder upon her death. If she did marry her right to the use of all the residue should at once cease, and she would take absolutely and in fee one third of such residue, and the son should take in the same way the remaining two thirds. If the son should die before the testator, leaving no issue, thus leaving the wife as the sole person as to whom obligation existed to make provision for, she was to take absolutely and without condition the whole estate after payment of debts, etc., even though, as was expressly recognized, she might marry again. This was clearly the intended scheme of the testator, a scheme absolutely fair, and to which, in view of section 710 of the Civil Code, there can be no legal objection. Practically, the only question here is whether this clear intent has been expressed in such legal form that the courts may carry it into execution. Respondent would have us, in an endeavor to defeat this inten-

tion, construe the provisions of the will as showing that the testator has adopted a prohibited mode of accomplishing his purpose, viz: that he gave his wife an estate *for her natural life,* and then attempted to make this life estate subject to a condition subsequent against remarriage. We do not think that such a construction of the language is at all necessary or reasonable. The third and fourth provisions of the will before us, which must be read together, may certainly be reasonably construed as giving the use of the residue to the wife, only to the time of her marriage. What is said in the third provision as to the use for the term of her natural life is immediately followed therein by the words, "except as hereinafter qualified," and the qualification is "in the event, however, that my said wife shall marry again," then the "provisions made in paragraph three shall immediately cease and terminate." It is precisely as though he had written "for and during her natural life, unless she shall marry again, in which case this provision shall immediately cease and my estate be divided as follows," etc., which was substantially the language considered in *Mann* v. *Jackson,* 84 Me. 400, [30 Am. St. Rep. 358, 24 Atl. 886, 16 L. R. A. 707]. The court there, noting the recognized distinction between *conditions* in restraint of marriage annexed to testamentary dispositions, and restraint on marriage contained in the very terms of the *limitation* of the estate given, and the policy of the courts, when not restrained by compulsory rules, "to seek to discover the intention of the testator from the whole instrument rather than from any particular form of words," had no difficulty in deciding that, in view of the clear intent of the testator evidenced by all the provisions of the will, "if it is here necessary and proper to recognize and maintain the distinction between a limitation and condition subsequent, the language of this will should be held to constitute a valid limitation and not an illegal condition." In *Holbrook* v. *Bunker,* 213 Pa. St. 93, [110 Am. St. Rep. 537, 2 L. R. A. (N. S.) 545], the gift was to a niece of the testatrix "during the term of her natural life, or so long as she remains unmarried," with a gift over "in case of her death or marriage." It is apparent that there is no substantial distinction between this language and the language used in the will before us. It was the view of the court that it was the intent of the testatrix, not to prohibit marriage, but simply

to provide an income to the legatee so long as she was unmarried and presumably dependent on her own exertions for her maintenance. It was substantially said that it would be a reproach to the law that, of two donors intending to do exactly the same thing, one shall succeed and the other fail as a violator of law merely because one scrivener knew what he was about and wrote "so long as the donee shall remain unmarried," and the other was ignorant or careless and wrote "for life, if so long the donee remains unmarried." The words of the will were held appropriate to show an intention not to prohibit or restrain marriage, but simply to provide for the use of the property by the donee so long as she remained unmarried, and the provision was upheld as a valid limitation. As we have seen, the plain intent of the testator here was not in any degree to restrain or even to discourage marriage by his widow, but simply to postpone any division of the residue of his estate between her and his son while she remained unmarried, and to give to her during such time the sole use thereof. The language that he has used, taking all the provisions of the will together, are appropriate to show and do show this intention, and we are satisfied that there is nothing in any of the particular words used that requires us to hold that there is any prohibited *condition* imposing a restraint upon marriage.

*Estate of Alexander*, 149 Cal. 146, [85 Pac. 308], relied on by respondent, is not in point. The will in that case, by reason of its own peculiar language, was construed as showing the intent to give the property to a daughter "on condition that she remains unmarried." It was said that the language used imported a condition, and no reason appeared why it should be given any other construction. In this regard, the provisions of the will differed materially from those of the will before us, and the construction there given does not assist here. Assuming that the will did give to the daughter, on condition that she remains unmarried, it was simply held that the condition of remaining unmarried was given full operation by referring the time of its performance to the death of the testator, and that the daughter not having married at that time, took an absolute fee in the property, free of condition. The portion of the opinion quoted by respondent, reading as follows, viz.: "But if it be said that the intent was that this

language should constitute a condition subsequent, terminating her estate in fee, and vesting it in others on her marriage at any time, the condition would be void as in restraint of marriage," is, of course, correct, but it has no bearing whatever on the questions presented by the case at bar.

It is not to be doubted that the question here discussed was necessarily presented for decision on the petition for final distribution, or that any decision reached thereon will be conclusive as to the respective rights of the devisees and legatees. (See *Jewell* v. *Pierce*, 120 Cal. 79, [52 Pac. 132].)

It follows from what we have said that the residue of the estate of deceased should be distributed in accord with the third and fourth provisions of the will.

The decree appealed from is reversed, and the matter remanded for proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.