## In re the ESTATE OF PATRICK W. MERRIGAN.

### (150 N. W. 285.)

1. **Real Property—Reversion—Life Estate Conditioned on Non-Marriage—Will, Construction of.**

    Where, under a will, the realty of the estate is devised to testator's wife while unmarried, with a provision that the wife "shall leave" a portion of the balance of the realty to a designated son, held, that, in view of Civ. Code, Secs. 236 and 237, declaring that no future interest can be defeated by any act of an owner of an intermediate estate, or by the termination of the precedent interest before the happening of the contingency on which the future interest is limited, the remainder, after the wife's life estate, would not, as at common law, be defeated upon marriage of the widow, because of absence of a provision in the will for disposition of the property in that event.

2. **Wills—Construction—Interest Devised—Life Estate, or Fee?—Remainder—Precatory Trust—Statute.**

    A testator devised all his realty and personalty to his wife while unmarried. The following clause provided that at the wife's death a portion of the realty "shall fall" to one son; while the next clause declared that the wife "shall leave" the balance of the realty to the youngest son, with bequests to be paid out of that property. Civ. Code, Sec. 1040, provides that all parts of a will shall be construed together, but that, where several parts are irreconcilable, the latter shall prevail; while Sec. 1036 declares that the construction shall be according to testator's intent. Held, that said quoted words did not constitute precatory clauses, that they were consistent with vesting a life estate in the widow, and were inconsistent with vesting of a fee simple in her, and neither clause contemplated any affirmative act of the widow; and the youngest son took a remainder in fee subject to his mother's life estate, and to the payment of the legacies.

(Opinion filed December 31, 1914.)

Appeal from Circuit Court, Union County. Hon. Joseph W. Jones, Judge.

In the matter of the Estate of Patrick W. Merrigan, deceased. From a portion of a decree of final distribution, Arthur Merrigan, a devisee, appeals. Reversed and remanded, with instructions.

*W. J. Bulow,* and *Christopherson & Melquist,* for Appellant.
*Bogue & Bogue,* for Respondent, the administrator.

(2) Under point two of the opinion, Appellant cited: Sec. 1036 Civil Code; 49 Gen. Dig. Wills, 955 and 988; 20 Dec. Digest, 470; 40 Cyc. 1386B; Stewart v. Jones, 219 Mo. 614, 118 S. W. 1, 131 Am. St. 595; John Smith, Plaintiff, v. Robert Bell, Defendant, 31 U. S. (6 Peters) 68, 8 L. Ed. 322; Oyster v. Knull, 137 Pa. 448, 20 Atl. 624; St. Paul Sanitarium v. Freeman, 102 Texas, 376, 117 S. W. 425; Gilchrist v. Corlis, 155 Mich. 126, 118 N. W. 938; Tabor v. Tabor, 85 Wis. 313, 55 N. W. 702; Knox v. Knox, 59 Wis. 172, 18 N. W. 155; Harrison v. Harrison Adm'x., 2 Grattan 1 (Va.); Civ. Code, Sec. 1044; Long v. Paul, (Pa.) 17 Atl. 988; Koonz v. Hemp, (Ia.) 120 N. W. 976, 142 Ia. 337.

Respondent cited: Civ. Code, Secs. 1036-7, 1042-43, 1061, 1068; 2 Washburn on Real Property, 5th Ed., p. 5; Myers v. Adler et al, reported at page 432 of Vol. 1, L. R. A. The wife took a fee in the realty. Tabor v. Tabor, 85 Wis. 313, 55 N. W. 702; Busby v. Busby, (Ia.) 114 N. W. 559; 30 Am. & Eng. Encyc., (2d Ed.) p. 668, and cases there cited; Frey v. Thompson Adm'r., 66 Ala. 287; Pickering v. Langdon, 22 Me. (9 Shep.) 413; Sec. 1613, Civ. Code; 40 Cyc. 1404, and cases there cited.

GATES, J. On April 8, 1889, Patrick W. Merrigan, then a resident of Union county, D. T., made and published his last will as follows (the paragraphing and the paragraph numbers are ours):

Spink, D. T., April 8th, 1889.

Know ye all by these present that I Patrick W. Merrigan of Spink, Union county, territory of Dakota do hereby make this my last will and testament of all my property and effects to-wit:

(1) I bequest all my real estate, stock and household goods to Mrs. Margaret Merrigan as long as she remains single.

(2) The southwest quarter of section thirty-four in township ninety-four north of range fifty west of the fifth principal meridian in Dakota Territory shall fall to Andrew W. Merrigan at the death of Mrs. Margaret Merrigan.

(3) My wife Margaret Merrigan shall leave the balance of my real estate, stock, household goods, etc., to my youngest son Arthur Merrigan. Wishing that the following proviso shall be made that out of the property $300 shall be paid to each of my daughters, namely Margaret Ellen Merrigan, Julia Merrigan,

Theresa Catherine Merrigan, Bridget Amelia Merrigan. To Mrs. Also the following allowance to be paid $5.00 to my son Edward Merrigan, $5.00 to my daughters Mrs. Mary Fleege, $5.00 to my daughter Mrs. Elizabeth Bergin, $5.00 to my daughter Mrs. Sarah Fleege, $5.00 to my daughter Annie Virginia Merrigan.

On the following day the testator died, and said will was admitted to probate in the following month. In addition to the quarter section mentioned in paragraph 2 of the will, the testator left 320 acres of land and some personal property. The personal property was set apart for the use of the family, and now only the real estate remains. The widow is now advanced in age, is under guardianship, and has never married again. In 1912 the administrator filed his final report. Upon final hearing the court made its final decree distributing to Margaret Merrigan, the surviving wife of decedent, a life estate in and to all of said real estate, subject to be terminated during her lifetime only in the event of her marriage; to Andrew W. Merrigan, a surviving son, the real estate described in paragraph 2, subject to the foregoing life estate. The learned trial court further found that the third paragraph of the will could be given no testamentary effect, and that the 320 acres passed to the heirs at law of the deceased as intestate property, subject to the life estate. An appeal was taken to this court by Arthur Merrigan from that portion of the decree in relation to paragraph 3 of the will. The administrator is respondent.

[1, 2] Appellant contends that by the terms of the will the fee title to the real property covered by the third paragraph thereof was vested in him subject to the life estate of the widow. Respondent contends that the court erred in not adjudging the widow to be the owner of all the property in fee, subject to defeasance in case she married. Respondent further contends that, if the widow obtained only a life estate, then that the provisions of the will in regard to Arthur were merely advisory to the widow, and had no testamentary effect whatever.

Section 1040 of our Civil Code provides:

"All the parts of a will are to be construed in relation to each other, and so as if possible to form one consistent whole, but where several parts are absolutely irreconcilable, the latter must prevail."

This section is merely declaratory of the rule of construction that has come down to us through the ages and is recognized in all jurisdictions.   The primary purpose is to ascertain the intent of the testator.   Section 1036 C. C.   In some jurisdictions the words of the first paragraph, standing alone, would be held to vest in the widow an estate in fee, subject only to be divested by the happening of her marriage, especially where, as here, no provision is made as to the disposition of the property in the event of her marriage.   Estate of Fitzgerald, 161 Cal. 322, 119 Pac. 96, 49 L. R. A. (N. S.) 615; note 28 L. R. A. (N. S.) 1094.   In other jurisdictions such words, standing alone, would be held to vest in the widow only a life estate subject to be divested by the contingency.   See note 28 L. R. A. (N. S.) 1099. It is not necessary in this case to discuss conditions subsequent, limitations, conditional limitations, nor contingent remainders, nor to decide what the quantum of the widow's estate would have been if there were no other provisions in the will.   Whether we emphazie the first portion of section 1040, C. C., as our guide, or whether we resort to the portion of that section which provides that the latter parts of a will shall prevail where the several parts are irreconcilable (Schouler on Wills and Administration, p. 234; 40 Cyc. 1417), in either event it is clear that, upon Mrs. Merrigan's death, the son Andrew W. was to possess the land described in the second paragraph of the will.   The words "shall fall to Andrew," contained in the second paragraph, cannot be properly considered as precatory words, and therefore the usual doctrine that the latter clause of a will containing precatory words shall not control the former wherein a clear intent is expressed cannot prevail.   The words "and after her death the property to fall to her children" were held, and, we think, correctly, in Lohmuller v. Mosher, 74 Kan. 751, 87 Pac. 1140, 11 Ann. Cas. 469, to create "by inartistic phrase" a remainder in fee to the children.   Therefore, so far as concerns the land described in the second paragraph of the will, it is clear that the testator intended the widow to have, at most, a life estate.   But it is urged by respondent that, if the widow had married, the property would have reverted to the heirs, because of the absence of a provision in the will for the disposition of the property in that event.   It seems that at the common law the effect of her marriage would

have been to cut off, not only her own life estate, but that of the remainderman.  2 Bl. Com. 171.  That rule has, however, been changed by sections 236 and 237 of our Civil Code, so that, even if she had married, that event would not have affected Andrew's right to the property described in paragraph 2 upon her death.

The testator manifested the clear intent that, upon the death of the widow, Andrew W. Merrigan was to possess the land mentioned in paragraph 2 of the will.  We think it equally clear that the testator intended that Arthur Merrigan should, at the death of the widow, possess the residue of the real estate, subject possibly to the payment of the legacies.  The words "my wife shall leave" are consistent with the vesting of a life estate in the widow.  They are inconsistent with the vesting of a fee simple in her.  There is, to our minds, no substantial difference in legal effect between the words "shall fall to Andrew W. Merrigan at the death of Mrs. Margaret Merrigan" and the words "my wife Mrs. Margaret Merrigan shall leave the balance of my real estate * * * to my youngest son Arthur Merrigan."  This clause is no more precatory than is the former.  It is argued by respondent that the latter words evince an intent that the widow should, by will, leave the property to Arthur.  We do not think so.  We are of the opinion that those words should be construed the same as the corresponding words in the second paragraph; that is, that upon the death of the widow the residue of the real estate should pass to Arthur.  Neither the clause with reference to Andrew nor the clause with reference to Arthur contemplates any affirmative act on the part of Margaret Merrigan for its enforcement.  Under neither clause is there any option on her part as to the disposition of the property.  It is therefore entirely clear to us that the widow took, at most, only a life estate in the real property covered by the third paragraph of the will, with remainder to Arthur upon her death.

It is not contended by any of the parties that the payment of the legacies should be a charge upon the whole estate, but it is assumed by the parties that such payment is properly a charge upon the land which shall pass to Arthur.  We adopt such assumption.

The judgment appealed from is reversed, with directions to enter judgment upon the findings of fact already made decreeing

the title to the lands affected by the third paragraph of the will to be in the appellant, Arthur Merrigan, subject to the life estate of Margaret Merrigan, and subject to the payment of the legacies mentioned in the will.