BEECH, Appellant, v. PARKS et al., Respondents

(18 N. W.2d 787.)

(File No. 8754.   Opinion filed June 2, 1945.)

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**Boyce, Warren & Fairbank,** of Sioux Falls, for Respond-ents.

SMITH, Presiding Judge.

The appellant, Eva C. Beech, contends that the con-struction of the will of Lydia Barrett, deceased, adopted by the county court, and affirmed on appeal by the circuit court, is erroneous.

The controversy involves the second paragraph of the will reading as follows:

"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath all of my estate, real, personal or mixed of whatever kind or nature, to my sister, Mary E. Cook, of Sioux Falls, South Dakota during her nat-ural life, and upon the death of my said sister, Mary E. Cook the residue of my estate to my niece, Eva C. Beech of Sioux Falls, South Dakota, upon the death of my niece, Eva C. Beech, the residue of my estate to Juanita M. Parks, Hor-tense, C. Gillette and Letitia L. Gillette, grand-children of my said sister, Mary E. Cook, in equal shares, and in case of the death of any of the above named grand-children of my

said sister Mary E. Cook, before the death of said Mary E. Cook and or Eva C. Beech the share of said grand child or grand children to be equally divided between the surviving grand children above mentioned."

The testatrix was a spinster. Eva C. Beech, the appellant, is the only child of Mary E. Cook, a sister of the testatrix, and the respondents, Juanita M. Parks, Hortense C. Gillette, and Letitia L. Gillette, are daughters of Eva C. Beech. The will was made in 1920. The testatrix died in 1935 leaving a substantial estate consisting wholly of personal property. Mary E. Cook died during the lifetime of the testatrix.

In proceedings looking towards final distribution the county court construed the will as vesting a life estate in the property in Eva C. Beech, and as vesting "the fee and residue" of said property subject to such life estate, in Juanita M. Parks, Hortense C. Gillette and Letitia L. Gillette. The judgment and order of the county court was affirmed on appeal to the circuit court, and Eva C. Beech has appealed.

It is the contention of Eva C. Beech that the testatrix intended she should take an absolute and unqualified title to the property, and that the bequest to Juanita M. Parks, Hortense C. Gillette, and Letitia L. Gillette should become effective only in case she, Eva C. Beech, should fail to survive the testatrix.

The argument of Eva C. Beech is grounded principally upon a general rule of construction expressed in 69 C. J. 299, § 1325, as follows:

"* * * the general rule is that, where a will, in providing for immediate gifts to designated beneficiaries, provides further for a gift over in the event of the death simpliciter of any of the named beneficiaries, for the gift over to be effective, the death referred to must, in the absence of words in the will indicating a contrary intent, occur before the death of the testator."

It is urged that the words "upon the death of my sister, Mary E. Cook, the residue of my estate to my niece, Eva C. Beech, of Sioux Falls, South Dakota" are sufficient to pass absolute title in fee to Eva C. Beech, and that when the will

is read as a whole in the light of the foregoing rule of construction and the circumstances of the testatrix, the subsequent words "upon the death of my niece, Eva C. Beech" must be understood as referring to the death of Eva C. Beech at a time before the death of the testatrix.

The respondents concede that the words first above quoted, standing alone, would be sufficient to manifest an intention to vest Eva C. Beech with an unqualified title to the property. It is their contention that the words of the testatrix, which follow that clause, manifest an intention to qualify its meaning and to pass but a life estate or interest to Eva C. Beech. The question we are to decide is whether the testatrix intended to make a substitutional or a successive bequest to the respondents.

■ It is axiomatic that in gathering the intention of the testator a will must be considered as a whole. To understand the whole, however, a court must consider the meaning of particular expressions employed by the testator. We turn to the phrase "upon the death of my niece, Eva C. Beech," by which the testatrix introduced the bequest to the respondents.

To indicate the prima facie significance of such a phrase, we quote from the authorities.

■ In Jarman on Wills, Vol. II, at page 1207, it is written:

"For although a gift to A., followed by a gift to B. contingently on A.'s death, is, in the absence of any controlling context, construed as an absolute gift to A. if he survives the testator, so that the gift to B. only takes effect in the event of A.'s death in the lifetime of the testator, yet if the gift is to A., and 'after' or 'on' or 'at' his death to B., the prima facie construction is that the testator intends to give a life interest to A., with remainder to B."

In reviewing the adjudications of the Illinois Court, Prof. Merrill I. Schnebly writes in Vol. 7 of the University of Chicago Law Review at page 587 as follows:

"Where in any conveyance, whether by will or by deed, land is limited to A; with no language expressly descriptive of the size of his estate, and there is a further limitation to B 'on,' or 'at,' or 'after' the death of A, the conveyance is

regularly construed to create a life estate in A, with a vested remainder in fee in B. Since the limitation to B is not qualified with respect to the time or circumstances of A's death, no other construction is reasonably possible."

And continuing on page 593, he writes:

"Where property is conveyed to A without express description of his estate, and there is a limitation over 'if he shall die,' or 'in event of his death,' or 'in case of his death,' a difficult problem of construction is presented. All the forms of expression quoted suggest a contingency in respect to the death of A, but do not explicitly state the nature of that contingency. There can be nothing contingent about the fact of death, which is certain to occur at one time or another. If there be a contingency implied in the language, it must clearly have reference to either the time or the circumstances of death."

And Vol. 1 Tiffany Real Property, 3d Ed., § 52, states the rule of construction as follows:

"That, after devise to one in general terms, without any words of inheritance or other language showing an intention to create a fee simple, it is stated to whom the property shall go upon the death of the devisee named, tends to show that he was intended to take, not a fee simple estate, but one merely for life."

See 75 A. L. R. 71; Scott v. Crumbaugh, 383 Ill. 144, 48 N. E.2d 532; Hiller v. Herrick, 189 Iowa 668, 179 N. W. 113; Guild v. City of Newark, 87 N. J. Eq. 38, 99 A. 120; and Cromwell v. Cromwell, 55 App. Div. 103, 66 N. Y. S. 1063.

The rationale of the rule of construction urged by Eva C. Beech is explained in Restatement, Property, § 263, Comment a, as follows:

"A limitation which comes within the rule stated in this Section refers to 'death,' not as an event which is certain to occur, but as an event which may or may not occur. Since death itself is an event certain to occur, the contingency, thus provided for, can only exist with respect to the timing of the death referred to, that is, with respect to whether this death will occur before some other event. When the limitation fails to specify this other event, the death of the testator is the only other event to which the death of the

devisee can reasonably be related. Consequently, in such limitations the substitutional construction provides the only mode of giving effect to the contingency expressed by the language of the limitation."

But the phrase we are considering does not purport to qualify the bequest to respondents with respect to the time or circumstance of the death of Eva C. Beech. If the testatrix intended to make that bequest contingent upon the time of that death with respect to some other event, she failed to indicate such an intention by the words "upon the death of my niece, Eva C. Beech." "Upon" in common usage expresses the meaning of "on" in all of its senses. Webster's New International Dictionary. Reason and authority induce the conclusion that such words are indicative of an intention to refer to "death" as an event certain to occur and hence to make a successive bequest. We read nothing from the will as a whole which manifests a different intention.

The appellant directs our attention to that portion of the language of the will reading as follows: "and in case of the death of any of the above named grand-children of my said sister, Mary E. Cook, before the death of said Mary E. Cook and/or Eva C. Beech, the share of said grand child or grand children to be equally divided between the surviving grand children above mentioned" and asserts that by reason of this conditional clause, a construction of the will as creating a remainder in the respondents would leave an uncertainty as to who would eventually acquire the fee or absolute ownership and would involve the possibility of intestacy in the event of the death of all of respondents during the lifetime of Eva C. Beech. In argument counsel stress the preference of the courts for a construction which vests an absolute fee and avoids all intestacy.

Before resort may be had to rules of constructional preference, it must appear that a testator has left room for doubt as to his intention. To limit an interest subject to a contingency, or to fail to provide against all possibility of intestacy is his right. We read nothing from this clause to which counsel direct our attention which casts a doubt upon the intention of the testatrix to make a successive bequest to

respondents. On the contrary, this clause, in our opinion, is not only only consistent with the prima facie construction of the will to which we have adverted, but is inconsistent with the construction for which counsel contend.

That the whole of the language employed by the testatrix in making a bequest to respondents is such as is commonly used to limit a remainder is not open to question. Restatement, Property, § 156. It may be that by the use of the conditional clause to which counsel direct our attention, she may have left room for doubt as to whether she intended respondents to make contingent remainders or vested remainders subject to defeasance. See SDC 51.0217; Moore v. Littel, 41 N. Y. 66; Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E, 1080; 25 L. R. A., N. S., 889; and 131 A. L. R. 712. However, that issue is not here. That which is of significance about the quoted conditional clause is that it describes a contingency which was plainly intended to operate after the death of the testatrix to effect a change in one or more of the respective interests the respondents had theretofore acquired under the will. We need not determine whether that contingency was to vest an interest which was contingent or to defeat an interest which was vested. The important and controlling fact is that one of the events to which that contingency was explicitly related by the testatrix was the death of Eva C. Beech. We find it utterly impossible to reconcile this provision with an intention that the respondents were to receive no character of interest in the property under the will unless Eva C. Beech were to die in the lifetime of the testatrix.

It is suggested that when the will is read in the light of the circumstances of the testatrix, any construction other than that for which appellant contends appears unreasonable. We do not share that view. We sense nothing unreasonable or unnatural in a desire on the part of this spinster testatrix to preserve her property for the benefit, first, of her sister, second, for her sister's daughter and third, for her sister's grandchildren, or in an intention to so frame her will as to render it impossible for anyone to frustrate her purpose.

■ It is our conclusion that the will presents a typical bequest to one in general terms, without any words of inheritance or other expressions clearly showing an intention to make a gift in fee, followed by a gift to another "upon," "on," or "after" the death of the prior taker, and that the trial court did not err in holding that Eva C. Beech received but a life interest in the property.

The judgment is affirmed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

SICKEL, Judge (concurring specially).

After the bequest of the life estate to Mary E. Cook, the will gives "the residue of my estate to my niece, Eva C. Beech." Then follows the bequest of the residue to the grandchildren upon the death of Eva C. Beech. The first question is whether these two provisions of the will are irreconcilable.

All the parties concede that the language of the gift to Beech, standing alone, is sufficient to give the absolute ownership of the property to her. The majority opinion holds in effect that such language is not sufficient for that purpose because the bequest is made "in general terms, without any words of inheritance or other expressions clearly showing an intention to make a gift in fee," and is followed by a bequest of the residue to the grandchildren upon the death of Beech. On this basis the opinion concludes that these two provisions of the will are consistent.

In my opinion these two provisions of the will cannot be reconciled on the above basis for two reasons. The first reason is that common law terms of inheritance have been abolished by law in this state, and no longer have any significance in the interpretation of wills. SDC 56.0313. The second reason is that such terms were never required to pass an estate of absolute ownership in personal property at common law. 69 C. J., Wills, § 1530, p. 465. If the two provisions of the will under consideration are to be reconciled at all, it must be on the ground that the gift to the grandchildren is contingent on the occurrence of the death of Beech before the death of testatrix. Such construction of the will is not possible because the grandchildren take

"upon the death" of Beech. This language of the will shows an intention to make a successive bequest as stated in the majority opinion. The will makes the bequest to the grandchildren to take effect after the death of Beech, whether such death occurred before or after the death of testatrix. 69 C. J., Wills, § 1325, p. 299, notes 29, 31. These provisions of the will are therefore absolutely irreconcilable, and the latter must prevail to the extent necessary to give it effect as a bequest of the residue to the grandchildren. SDC 56.0305. In re Merrigan's Estate, 34 S. D. 644, 150 N. W. 285.