[Civ. No. 7591. Third Dist. May 3, 1949.]

Estate of MYRTLE ADAMS HORGAN, Deceased. JAMES HENRY HORGAN, Appellant, v. THELMA RICHMOND McGEE, as Executrix, etc., Respondent.

Lawrence R. Mullally for Appellant.

L. A. Mills and Mazzera, Snyder & DeMartini for Respondent.

PEEK, J.—By her petition for final distribution of the estate of Myrtle Adams Horgan, deceased, the respondent executrix sought an order of the probate court decreeing that James Henry Horgan, the surviving spouse of said

deceased, was entitled to the use and benefit of certain property more particularly described hereafter, for the period of his natural life or until he should remarry. The appellant Horgan filed an answer and objections to said petition alleging that his interest in said property was absolute and unconditional and subject to no condition whatever. The court made its order in accordance with the petition of said executrix, and from the order so entered appellant has taken this appeal.

It is his sole contention that the devise of said property to him imposed a restraint upon his remarriage and hence is void under section 710 of the Civil Code, which provides as follows:

"Conditions imposing restraints upon marriage, except upon the marriage of a minor, are void; but this does not affect limitations where the intent was not to forbid marriage, but only to give the use until marriage."

The specific paragraph of the will wherein is found the particular language which forms the basis of the disagreement of the parties is as follows:

"FOURTH: To my beloved sister and niece, respectively BIDDIE RICHMOND and ELIZABETH RICHMOND SMITH, in joint tenancy, or to the survivor of them, I give and device a life estate in and to M. A. H. the premises known as the Venetian Court Apartments, described as Lot Three (3) in Block One Hundred Forty-four (144), East of Center Street, being numbered and known as 1240 North Hunter Street, in the City of Stockton, California, including property either real, personal or mixed therein or about or appurtenant thereto, subject to existing encumbrances therein and subject to the following terms and conditions: There shall be reserved for the use and benefit of my beloved husband, JAMES HORGAN, for the period of his natural life or until he shall remarry, with right of termination at his option, the apartment including property either real, personal or mixed therein or about or appurtenant thereto, on the second story at the northeast corner thereof, now known as Apartment No. 1 in said Venetian Court Apartments. My said husband shall have the absolute privilege and right during the said time to use or otherwise benefit by the occupancy or tenancy of said apartment without cost to him for rent, taxes or otherwise; subject to said life estate, said premises shall go to and belong to Thelma Richmond McGee, absolutely. M. A. H."

In support of his contention appellant first refers to the language appearing in the devise above set forth that he was

to have the use and benefit of apartment No. 1 "for the period of his natural life" and urges that such language gave him a life estate. He then refers to the language that "subject to said life estate, said premises shall go to and belong to Thelma Richmond McGee, absolutely" as substantiating such contention. Next it is urged that since a life estate was demised to him that the phrase "until he remarries" is a condition subsequent which would operate to deprive him of his life estate and hence is void under the foregoing provision of the Civil Code. Appellant further contends that since the residuary clause contained in the will left the remainder of the estate to Thelma Richmond McGee the phrase "subject to said life estate, said premises shall go to and belong to Thelma Richmond McGee, absolutely" does not refer to the life estate of decedent's sister and niece, since reference would be repetitious. Appellant's contention in this latter regard is not tenab'e since it is equally app'icable to his contention that the reference is to his interest. Appellant lastly argues that the phrase "said premises" refers to those last mentioned, namely, apartment No. 1.

Respondent's answer to such contention is that appellant was not given a life estate subject to a condition subsequent but was given the use of apartment No. 1 for the period of time measured by his natural life or until remarriage and that if the will is so construed such devise is valid under section 710 of the Civil Code. Respondent argues that the phrase "subject to said life estate, said premises shall go to and belong to Thelma Richmond McGee, absolutely" refers to the life estate of decedent's sister and niece specifically mentioned at the beginning of the devise and not to the interest of appellant in apartment No. 1 for the period of his natural life or until he shall remarry as contended by appellant. Respondent further refers to the fact that the will devised other property to appellant not subject to any such limitation and argues therefrom that if it was the intent of the testatrix to impose a condition restraining marriage that all such devises would have been so limited. From our examination of the entire will respondent's arguments appear to be well founded.

It is a general rule in relation to the construction of wills and one too well established to warrant citation, that in reaching a determination as to the intent of the testator the will must be construed by its four corners, with all parts of the will construed in relation to each other. It is therefore

evident that adjudicated cases, other than enunciating such general rule, are of slight assistance since the intent of the testator may well, and often does, vary in each will. Thus the three cases cited and relied upon by both parties (*Estate of Scott*, 170 Cal. 65 [148 P. 221]; *Estate of Fitzgerald*, 161 Cal. 319 [119 P. 96, 49 L.R.A.N.S. 615]; *Estate of Alexander*, 149 Cal. 146 [85 P. 308, 9 Ann.Cas. 1141]) other than reiterating said general rule are of small value when applied to the instant case. However, such cases do approve said general rule which is stated as follows in 10 California Jurisprudence, section 6, pages 603 04:

"An estate on condition is one which may be created, enlarged or defeated upon the happening or not happening of some contingent event. There is a well-recognized distinction between an estate on condition subsequent and a limitation. In the former, the estate is given absolutely, but the title is subject to be divested by the happening or not happening of an uncertain event. The happening of the condition forfeits the estate given to the first taker, and gives the grantor or his heirs a right to terminate it by an entry. In the latter, the estate is granted until an event shall have arrived, and the happening of the event merely brings the estate to a close. *For example, in case of a testamentary disposition of property to one on condition he remains unmarried, the intent of the testator is that the language shall constitute a condition subsequent terminating the estate in fee and vesting it in others on his marriage. Such a condition is void as in restraint of marriage. On the other hand, a devise of property to one so long as he remains unmarried is a limitation and valid.*" (Italics ours.)

Bearing in mind the necessity of considering the will as a whole and applying the rule above quoted to the particular devise here in question the conclusion seems inescapable that said devise is a valid limitation and does not contain a condition in restraint of marriage. To conclude otherwise does violence to the phrase appearing in the devise of apartment No. 1 "for the period of his natural life or until he shall remarry" which indicates that marriage was an event fixing the time of such period.

The order appealed from is affirmed.

Adams, P. J., and Thompson, J., concurred.