Filed 6/24/24  Estate of Corwin CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ESTATE OF BERNARD B. AND LORRAINE K. CORWIN, DECEASED, | 2d Civil No. B326661 (Super. Ct. No. 56-2021-00555798-PR-TR-OXN) (Ventura County) |
| JOEL M. CORWIN, Plaintiff and Respondent, v. DIANA CORWIN GORDON, Objector and Appellant. | |

The settlors of a family trust provided that its assets would pass to their only living grandchild, appellant Diana Corwin Gordon, if their only child, respondent Joel M. Corwin, "is married to Linda K. Corwin" when the surviving settlor dies.  If, however, respondent is not married to Linda when the surviving settlor dies, the trust estate passes to him.  The trial court

granted summary judgment to respondent, concluding that the marriage condition was unenforceable because it was a restraint on marriage in violation of public policy. Appellant contends the trust includes a valid condition precedent and does not restrain respondent's marriage. We affirm.

*Facts*

Bernard and Lorraine Corwin (the settlors) established the Bernard B. Corwin and Lorraine K. Corwin 2000 Family Trust (the "Trust") to hold their assets and govern the distribution of those assets after their deaths. The settlors had one child, respondent Joel M. Corwin, and one living grandchild, appellant Diana Corwin Gordon.

Originally, on the first settlor's death, the trust corpus would split into two sub-trusts, Trust A and Trust B. The surviving settlor's interest would go to Trust A which was revocable. The deceased settlor's interest would go to Trust B, which was irrevocable. On the survivor's death, the remainder of Trust A would be added to Trust B and the entire corpus would be distributed to respondent.

Bernard and Lorraine executed the First Amendment to and Restatement of the Trust (the "First Restatement") one year later. This document provided that, on the first settlor's death (the "Decedent"), the Trust would split into three sub-trusts: the Decedent's Trust, the Marital Trust, and the Survivor's Trust. The Survivor's Trust held the interests of the surviving settlor (the "Survivor") and was revocable. The Survivor held a general power of appointment over the Survivor's Trust. Any portion of it not effectively appointed at the time of the Survivor's death would be added to, and distributed as part of the Decedent's Trust. The Decedent's Trust and Marital Trust

2

held the deceased settlor's interest and were irrevocable.  The Survivor had a special power of appointment over the Decedent's Trust.

On the death of the Survivor, the Decedent's Trust was to be distributed according to section 7.6 of the First Restatement.  This section provides, "(a) If the Settlors' son, Joel M. Corwin ("Joel"), is married to Linda K. Corwin, the Decedent's Trust shall be set aside and held for the benefit of Joel's living issue [appellant]. . . .  (b) If the Settlors' son, Joel M. Corwin ("Joel"), is not married to Linda K. Corwin, the Decedent's Trust shall be distributed, free of trust, to Joel."

Bernard died in 2011. Two months later, Lorraine executed a Second Amendment and Restatement of the Trust (the "Second Restatement").  This document established the Joel M. Corwin Trust and the Diana Corwin Trust.  It then allocated all of the trust estate to "the Joel M. Corwin Trust, provided Joel survives the Settlor.  If Joel does not survive the Settlor, the gift be distributed one hundred percent (100%) to the Diana Corwin Trust."  (Capitalization omitted.)  At the same time, Lorraine exercised her power of appointment to provide that "the entire trust estate of the Decedent's Trust to pass at her death to the LEWIS LIVING TRUST DATED JUNE 3, 1996 – SURVIVOR'S TRUST to be distributed according to its terms, as it may be amended from time to time."

When Lorraine died in January 2021, respondent filed a Petition to Correct Scrivener's Error, contending the reference to the "Lewis Living Trust" was a typographical error and that Lorraine intended to name her Survivor's Trust instead. Appellant did not oppose respondent's petition.  She filed a petition for an order determining the validity of the Second

3

Restatement and the Exercise of Power of Appointment. Appellant contended both documents were void because respondent and Linda exerted undue influence over Lorraine to insure that Lorraine's entire trust estate would pass to respondent. Appellant argued the First Restatement should control and that the trust estate should pass to her because respondent was married to Linda at the time of Lorraine's death. Respondent contended there was no undue influence and that the First Restatement was void because it operates as a restraint on marriage in violation of public policy.

The trial court granted summary judgment to respondent. It concluded that, even if the Second Restatement was the product of undue influence, appellant has no interest in the Trust because the marriage condition in the First Restatement is an unenforceable restraint on marriage.

*Contentions*

Appellant contends the trial court erred because the First Restatement is a valid condition precedent to the vesting of respondent's interest in the Trust assets. Respondent contends that he is the sole beneficiary under the Second Restatement because there was no undue influence. The marriage condition included in the First Restatement is void as against public policy because it is a restraint on marriage. After that condition is removed, respondent is the sole beneficiary of the Trust, even if the First Restatement controls.

*Standard of Review*

The trial court's order granting summary judgment is subject to our de novo review. (*Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 206.) We independently review the moving and opposing papers to determine whether they disclose

4

any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

*Discussion*

The Second Restatement of the Trust distributes the entire trust estate to respondent because he survived Lorraine. Appellant contends this document is ineffective because respondent exercised undue influence to convince Lorraine to execute it. The trial court did not find that undue influence occurred. Instead, it concluded that, even if the Second Restatement was the product of undue influence, respondent was entitled to the trust estate because the marriage condition included in the First Restatement was a void restraint on marriage. We agree.

The public policy of this state favors marriage. (*Koebke v. Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 844; see also *Obergefell v. Hodges* (2015) 576 U.S. 644, 675.) In support of that policy, our Civil Code declares that, "Every contract in restraint of the marriage of any person, other than a minor, is void." (Civ. Code, § 1669.)[1] Similarly, "Conditions imposing restraints upon marriage, except upon the marriage of a minor, are void . . . ." (§ 710.) Contract provisions "which by their terms seek to promote the dissolution of a marriage" are invalid because they violate this public policy. (*In re Marriage of Dawley* (1976) 17 Cal.3d 342, 350; see also *In re Marriage of Noghrey* (1985) 169 Cal.App.3d 326, 330-331 [rule that contracts which facilitate divorce are "'void as against public policy'" has "prevailed in California practically from the inception of statehood"].)

---

[1] All statutory references are to the Civil Code unless otherwise stated.

The same rule applies to wills and trusts. As we noted in *Estate of Guidotti* (2001) 90 Cal.App.4th 1403, "Our Supreme Court has invalidated clauses in wills that either restrain marriage generally or marriage to a particular person. [Citations.] Forfeiture of a bequest if the beneficiary remarries may, depending upon the words used, be a restraint of marriage and 'therefore absolutely void' under Civil Code section 710. [Citation.]" (*Id*. at p. 1407.)

Here, all of the assets of the Trust were to be used for the support of the settlors during their lifetimes; nothing would be distributed to any third person until the Survivor died. At that point, the remaining assets would be added to the Decedent's Trust. The First Restatement provided, "If the Settlor's son, [respondent], is married to Linda K. Corwin, the Decedent's Trust shall be set aside and held for the benefit of [respondent's] living issue, [e.g., appellant]. . . ." However, "If the Settlor's son, [respondent], is not married to Linda K. Corwin, the Decedent's Trust shall be distributed, free of trust, to [respondent]."

Respondent was married to Linda Corwin when the first settlor, the Decedent, died. Between the Decedent's death and the death of the Survivor, respondent could only satisfy the condition imposed in section 7.6 by divorcing Linda. The Trust thus gives respondent a financial incentive to divorce Linda. For that reason, section 7.6 is an inducement to divorce or a restraint on marriage and is void as against public policy.

Appellant contends the marriage condition is not an inducement to divorce or a restraint on marriage because it does not attempt to control respondent's decisions about marriage after the Survivor's death. In her view, respondent's interest in

6

the trust would vest, or not, on the Survivor's death. At that point, respondent's status could not be changed. If he was married to Linda and had issue then living, respondent would not be eligible to receive the trust assets. If he was not married to Linda, the trust would be distributed to him. Because respondent's status cannot change after the Survivor's death, appellant contends the marriage condition is not an inducement to divorce.

Under the First Restatement, however, the Decedent's Trust became irrevocable after the first of the settlors died, in December 2011. Respondent acquired a contingent remainder interest in the Decedent's Trust at that point. Respondent learned about the marriage condition within a few months, in early 2012. The Survivor died ten years later, in January 2021. Between the death of the first settlor and the death of the survivor, respondent stood to lose his contingent interest in the Trust if he did not divorce Linda. The marriage condition gave him a financial incentive to divorce Linda and was, therefore, invalid.

Appellant contends the marriage condition is enforceable because the settlors did not intend to restrain respondent's marriage, but only to preserve their estate for their descendants. "'The basic rule in the interpretation and construction of any will is that the intention of the testator must be carried out as nearly as possible. [Citations.] In ascertaining the testator's intent, courts employ an objective test: the intention to be determined is that which is *actually expressed* in the language of the will. . . .'" (*Schwan v. Permann* (2018) 28 Cal.App.5th 678, 685, quoting *Estate of Simoncini* (1991) 229 Cal.App.3d 881, 888-889.)

Here, even if the settlors had this benevolent intent, the Trust failed to express it.  The Trust does not mention an intent to preserve the estate for the settlors' descendants.  Nor does the Trust express a concern that respondent would be unable to support himself if his spouse had access to the Trust estate or his marriage ended after their deaths.  ( See, e.g., *Estate of Ferrall* (1953) 41 Cal.2d 166, 174-176 [trust establishing life estate for disabled daughter  and conditioning distribution of corpus to her on the end of her marriage enforced because intended to provide support for daughter only if her husband failed to support her]; *In re Estate of Fitzgerald* (1911) 161 Cal. 319, 322-323 [will granting a life estate to beneficiary until her remarriage intended to support beneficiary, not prevent her marriage]; *In re Estate of Horgan* (1949) 91 Cal.App.2d 618, 620-621 [trust document expressed clear intent to provide for beneficiary until her remarriage].)  Instead, the Trust unambiguously conditions respondent's right to inherit on whether he has divorced Linda.  As a consequence, the marriage condition violates public policy and is void.

When a condition is void as a restraint on marriage, we treat it as if it had been satisfied.  For example, *In re Estate of Duffill* (1919) 180 Cal. 748, involved a will that included a void condition against marriage.  The Supreme Court held the will should be treated as if the condition "were valid, but had never been violated. . . .  The law strikes out the immaterial provision with reference to marriage, but the gift stands." (*Id.* at p. 761.)  Similarly, in *Estate of Scott* (1915) 170 Cal. 65, a will left the testator's entire estate to his wife unless she re-married.  In that event, 75% of the estate would pass to the testator's children.  Our Supreme Court concluded this condition was a void restraint

on marriage so, "The first part of the will, the clause giving her all his estate, is the effective part of the will." (*Id.* at p. 66.)

Here, respondent is the sole beneficiary under the Second Restatement. He is also the sole beneficiary under the First Restatement because he survived Lorraine and the marriage condition is treated as if it had been satisfied.

*Conclusion*

Appellant is not a beneficiary under either the First or the Second Restatement. Accordingly, the trial court properly granted summary judgment to respondent because he is the sole beneficiary of the Trust. The judgment is affirmed. Costs to respondent.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

9

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Fennemore Wendel and Kevin M. Rodriguez, Thiele R. Dunaway, for Defendant and Appellant.

Ferguson Case Orr Paterson and Lane J. Lopez, Wendy C. Lascher; Proskauer Rose and Michael A. Firestein, Jennifer L. Roche, John E. Roberts, for Plaintiff and Respondent.